IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| FRANK ROBINSON FLOWERS, II, and DEBRA LYNN FLOWERS, | : : : |
| Plaintiffs, | : : |
| v. | :  3:03-CV-035 (CAR) |
| WAL-MART STORES, INC., | : : : |
| Defendant. | : : |

## *ORDER ON MOTION TO DISMISS*

Defendant Wal-Mart Stores, Inc. (Wal-Mart) has moved the Court to dismiss Plaintiffs' claims for "special damages," or in the alternative to exclude evidence of such damages from admission at trial (Doc. 99). By the term "special damages" Wal-Mart refers to Plaintiffs' claims for recovery of medical expenses and for lost wages. Wal-Mart contends that the claims should be dismissed because Plaintiffs have failed to plead their claims with specificity under Rule 9(g) of the Federal Rules of Civil Procedure and because Plaintiffs "never provided an itemization of their special damages in response to Defendant's discovery requests nor to the Court's mandatory disclosures." Doc. 99, pp. 1-2. The motion is hereby **DENIED**. As a result of this order, Plaintiff's motion for leave to file a sur-reply to the motion to dismiss (Doc. 109) is **DISMISSED**, as moot.

Plaintiffs' initial pleading was in compliance with Rule 9(g) of the Federal Rules, which requires that "[w]hen items of special damage are claimed, they shall be specifically stated." Rule 9(g) does not require Plaintiffs to quote a specific sum for special damages or to itemize the alleged

1

damages. The rule requires "no more than a specific statement that allows defendants to prepare a responsive pleading and begin their defense." Italiano v. Jones Chemicals, Inc., 908 F. Supp. 904, 907 (M.D. Fla. 1995). In their Complaint, originally filed in the Superior Court of Elbert County, Georgia, Plaintiffs claimed that Plaintiff Frank Flowers (Mr. Flowers) had incurred substantial medical expenses for necessary and proper care and treatment of his injuries and had suffered a substantial loss of income because of his injuries resulting from his fall. This was sufficient to give Wal-Mart notice that items of damages claimed included medical expenses and lost wages.

Wal-Mart's contention that Plaintiffs never provided an itemization of their medical expenses and lost wages during discovery is unsupported by the record. In their initial Rule 26 disclosures, served on August 6, 2003, Plaintiffs stated that the lost wages claim was for $400,155.32, based on a forty hour work week at $16.47 per hour until age 65. This claim was supported by tax records that were previously served. With regard to medical expenses, the initial rule 26 disclosures stated that documents were not yet available to provide a precise amount. Plaintiffs provided a more detailed response in their amended disclosures served on August 26, 2003, which stated that total medical expenses to date were $77,905.16 and that ongoing medical expenses were $1,950 per month, based on prescription drug and office visit expenses. Along with the amended disclosures, Plaintiffs filed copies of the medical bills. Counsel for Wal-Mart apparently overlooked these disclosures – made just under three weeks after the first initial disclosures – when he represented to the Court in his motion to dismiss that Plaintiffs "never provided an itemization of their special damages in response to Defendant's discovery requests not to the Court's mandatory disclosures."

Upon being confronted with Plaintiffs' amended disclosures, Wal-Mart appears to have abandoned its unsubstantiated allegation that there was never any itemization of the medical

expenses and lost wages claims, and shifted its argument to complain that Plaintiffs failed to provide proper supplementation of their initial disclosures pursuant to Rule 26(e) of the Federal Rules. Rule 26(e) requires a party to supplement mandatory disclosures "if the party learns that in some material respect the information disclosed is incomplete or incorrect." The record indicates that on June 14 or 15, 2005, a representative of Wal-Mart's counsel, by telephone, requested that Plaintiffs provide an updated statement of medical expenses. The present Motion to Dismiss was filed on June 22, 2005. By letter from counsel dated June 29, 2005, Plaintiffs informed Wal-Mart that Mr. Flowers had incurred additional medical expenses in the amount of $46,097.61 during the intervening 22 months. This additional expense reflects an average monthly cost of $2,095.36, slightly more than the $1,950 monthly expense claimed by the initial disclosures.

To the extent that Plaintiffs failed to supplement their initial responses to show the increase in the monthly cost, Wal-Mart is not prejudiced thereby. The total discrepancy is just over $3,000, where the medical expenses claimed total more than $124,000. This discrepancy has no impact on any substantive issues in the case. Wal-Mart has had full opportunity to conduct discovery as to Plaintiffs' claimed damages. The case has not yet been scheduled for trial. Wal-Mart's outrage is misplaced, as it cannot claim that it has been or will be surprised or prejudiced by this minor amendment to Plaintiffs' damages calculation.

Indeed, Wal-Mart's show of outrage only highlights the hollowness of its motion to dismiss. This motion has obliged the Plaintiff and Court to expend time and resources in arguing over and ruling on a normally routine matter, unworthy of dispute. Similarly, Wal-Mart's motion to exclude the testimony of Plaintiff's treating physician, addressed in the Court's earlier summary judgment order, was substantially unjustified and unnecessary given the nature of this case. Such motions

serve only to complicate litigation and delay the resolution of the case.  Counsel for Wal-Mart is cautioned to be more mindful in the future of the time and resources of opposing parties and the Court, and to exercise greater discrimination in motions practice.

  **SO ORDERED**, this the 21st day of December, 2005.

             S/ C. Ashley Royal
             C. ASHLEY ROYAL
             United States District Judge

chw